H. H. Schultz v. J. H. Barrows, *Sheriff, et al.*

(Filed April 10, 1899.)

1. Homestead—*Abandonment.* Under the facts in this case, the court was justified in determining that the house and lot claimed in the case as the homestead of the plaintiff in error was not, in fact, his homestead, but that he had, prior to the levy and execution on the case, changed his residence to another county in the Territory.

2. Evidence—*Appeal—Review.* A finding of fact necessarily embraced in the general judgment rendered by the trial court will not be disturbed by this court, if evidence was produced below reasonably tending to support the judgment.

    (Syllabus by the Court.)

*Error from the District Court of Oklahoma County; before James R. Keaton, District Judge.*

*J. H. Woods* and *Hays & Wilson,* for plaintiff in error.

*H. R. Winn,* for defendants in error.

Petition by H. H. Schultz against J. H. Barrows, sheriff, and Henry Duffy. Execution was issued from the district court of Oklahoma county on the 23d day of March, 1897, and levied by Barrows, sheriff, upon lot 2, block 13, South addition of Oklahoma City, to satisfy a judgment lien in favor of Duffy for $19 and costs. Schultz, the plaintiff in error, thereupon filed his petition in the district court asserting that the property levied upon was, as his homestead, exempt from sale under execution. A temporary order, restraining Barrows from selling the property was made; Duffy, for answer, setting up a general denial, and alleged abandonment, and fraudulent

claim of homestead. On the 25th day of February, the case was tried, and the evidence submitted on the issues; and the court dissolved the injunction, and held the property, at the time of the levy, subject to sale under the levy, and petitioner brings error. Affirmed.

Opinion of the court by

McAtee, J.: The only question in the case was as to the correctness of the court's finding upon the facts as to the validity of the plaintiff in error's claim that the property was exempt as a homestead. Evidence was adduced by the plaintiff in error to show that he was, and is, the head of a family; and that, with his family, he settled upon the lot in question, and resided thereon from the year 1889 up to the present time, and with his family made his home thereon; that it is within the boundaries of the incorporated city, and did not include more than one acre; that Schultz was a deputy United States marshal; that, in pursuance of his duties, he went to the town of Shawnee, in Pottawatomie county; that he left the greater portion of his furniture in the building on the lot in question, together with hay and food for his horse in the barn thereon. His son and his son's wife occupied the house of the plaintiff in error, and his own wife went to Shawnee. He testified that he went there temporarily only, and that he was back and forth frequently; that his wife spent about as much time at their home in Oklahoma City as she did in the town of Shawnee; that he never intended to abandon the premises in question as his home. Evidence was adduced in behalf of the defendants in error to the effect that Schultz was, at the opening of the Sac and Fox Indian Reservation, at the town of Shawnee; that he procured six lots there;

that these were subsequently exchanged for four other lots, upon which he erected a residence in the year 1895, in which he lived with his family during 1895, 1896 and 1897; that he and his son voted at the municipal election in Shawnee in 1896, at the general election in 1896, and voted and registered at the municipal election in April, 1897, and that he was inspector of election there; that his horses, wagon, and other personal effects were assessed by the assessor of Pottawatomie county, and that he paid personal taxes for the years 1896 and 1897 there.

It was declared in *Keith v. Stetter*, 25 Kan. 70, that the residence of a man having a family which he maintains is *prima facie* where the family dwells, and that a man's acts and conduct are more to be considererd in determining the change of residence than any mere declarations of intent; and, when the question of residence or non-residence is doubtful, the question should be so determined as will best secure the rights of creditors and others having dealings with such party. There was evidence here sufficient to justify the finding of the court. We would not be justified in disturbing it. The fact that the plaintiff in error's residence was not upon the lot in question, but was in fact in Shawnee at the time of the levy of the execution, is necessarily embraced in the judgment rendered by the trial court, and will not be disturbed in this court. The rule has been repeatedly announced by this court. (*Bank v. Earl*, 2 Okla. 617, 39 Pac. 391; *Light v. Bank*, 2 Okla. 543, 37 Pac. 1075.)

All of the Justices concurring.