BOARD OF EDUCATION OF THE CITY OF EL RENO V.
JOSEPH HOBBS.

(Filed April 10, 1899.)

1. SCHOOLS—*Reception of Pupil—Mandamus—Error.* This was an application for a writ of *mandamus* to compel the plaintiff in error to receieve and accord school privileges to the relator. The facts showed that the parents of the relator had fixed their residence and lived in the city of El Reno, and had established their home there; that the relator had atended the public schools of that city continuously until a time when his parents separated, and by such separation destroyed the common home; that thereafter the testimony was conflicting as to whether the parents, or either of them, had afterwards established another permanent home, the fact having been included in the judgment of the court below that they had not established such a permanent home, and that the relator had been taken by his father to Enid for a year, and had there lived at boarding houses and had then returned to El Reno, and had been enumerated, under the statutes of the Territory, as a child of school age during the years 1895 and 1896, and had been refused school privileges at the time of the beginning of this suit, in February, 1897. Upon this state of facts, the writ of *mandamus* was allowed, requiring the school board to provide school privileges for the relator. *Held,* not error.

2. JUDGMENT—*Appeal—Review.* Evidence tending to show that the parents of an infant who sought relief in court had not acquired any other home or residence, having been included in the judgment of the court below, and evidence having been adduced to show the conclusion which the court arrived at, the finding of fact will not be disturbed here.

(Syllabus by the Court.)

*Error from the District Court of Canadian County; before John C. Tarsney, District Judge.*

*C. H. Carswell,* for plaintiff in error.

*R. B. Forrest,* for defendant in error.

This action was begun by Joseph Hobbs, an infant, through W. W. English, his next friend, against the

board of education of the city of El Reno, by an application on behalf of the plaintiff for a writ of *mandamus* to compel the defendant to permit the infant to enter a school in the said city, and under the charge and control of the defendant, and to grant him such privileges as are granted to all persons of school age properly entitled to the benefits of the public schools of the district. An alternative writ of *mandamus* was granted, cause shown, and the case regularly heard. A judgment was rendered for the plaintiff, and an order passed that the alternative writ, granting the relief sought for, should be made peremptory. From this judgment of the court below, the plaintiffs in error bring the case here. Affirmed.

Opinion of the court by

McATEE, J.: It was shown in the cause that the parents of the plaintiff, for whose benefit the action was brought, had resided in El Reno for a number of years, and had property there, but that they had separated. The testimony was conflicting as to whether either of them had established a home or residence elsewhere. The plaintiff child in this case had resided continuously in El Reno, and had attended its schools uniformly, with an interruption of a year or more, in which he was with his father at Enid, where his father was doing business. Evidence tending to show the fact was, however, introduced; but the finding of fact that no such home or residence had been established was included in the judgment of the court below, and, since there was evidence tending to show the conclusion which the court arrived at, the finding of fact will not be disturbed here. But the conclusion of the court was justified by other facts

produced.   It was disclosed that the defendant in error
was a child of school age, and that he had been enumer-
ated, in 1895 and 1896, under the provisions of the
Statute of 1893 (section 5784) in the written report of
the clerk of the district, stating the names of children,
male and female, residing in the district in January,
previous to the date of such report, over the age of 6
and under the age of 21 years.   And section 5860 pro-
vides that "the board of education shall provide for an
enumeration of the children of school age between the
first and fifteenth days of January of each year, and
forward the same to the county clerk of the county,
who shall file and use such enumeration as required by
law in the case of other districts."   The apportionment
of taxes for the benefit of the schools of the various school
districts of the Territory is made upon the basis of this
enumeration; and this is expressly provided for in sec-
tion 5904, Statues of 1893, respecting the management
of school funds, whose accumulation in the hands of the
territorial treasurer, beonging to the permanent school
fund of the Territory, was at stated times to be appor-
tioned to the various counties of the Territory in pro-
portion to the scholastic population of each.   Session
Laws 1897, p. 267, sec. 4, ch. 34, also provides that "when
taxes are levied and collected for the support of schools
of the district, the taxes so collected shall be pro rated
between the schools of the district, according to the
number of children of school age in each."   Having
enumerated the plaintiff in its list of children entitled
to school privileges, and having received from the ter-
ritorial treasurer the distributive portion of the public
funds to which the enumeration of the plaintiff as one
of its school children entitled it, and having also re-

ceived, upon the basis of the enumeration of the plaintiff, such taxes directly levied for the support of the schools of the district, the plaintiff in error ought to be, and is, estopped to deny him those privileges. In such a case as this, in which the uniform and unbroken residence of the child has been within the school district for an unbroken series of years, we do not think that his residence for school purposes would be destroyed by the mere fact that his father and mother had separated and destroyed the common home, and that one of the parents was providing for it in that place which had been their home while they were a united family. And this contention is supported by the following cases: *Milton School Dist. v. Bragdon*, 23 N. H. 507; *Yale v. School Dist.* (Conn.) 22 Atl. 295; *Brentwood School Dist. v. Pollard*, 55 N. H. 507; *State v. Thayer*, (Wis.) 41 N. W. 1014. The judgment of the court below will be affirmed, and the plaintiff in error is directed to admit the child to all the school privileges and rights which are provided in the peremptory writ of *mandamus*.

All of the Justices concurring.