[Civil No. 664.   Filed June 2, 1899.]

[57 Pac. 608.]

## C. A. SEWALL, Plaintiff and Appellant, v. MRS. EMMA HATCHER et al., Defendants and Appellees.

1. HUSBAND AND WIFE—WIFE'S SEPARATE ESTATE—LIABILITY FOR HUSBAND'S DEBTS—EVIDENCE—APPEAL AND ERROR—FINDING ON CONTROVERTED FACTS SUSTAINED—ANDERSON V. TERRITORY, ANTE, P. 185, CITED.—W. H. Hatcher, the husband of defendant, having broken his leg, wrote a letter to a merchant at Prescott, advising him to send Mrs. Hatcher and a surgeon. The merchant informed Mrs. Hatcher and asked her what doctor he should send. She

told him that plaintiff always attended Mr. Hatcher. The merchant notified plaintiff by messenger and personally, and hired a team for him. The plaintiff, learning that Mrs. Hatcher desired to go with him, drove to her house and took her with him. He testified that Mrs. Hatcher told him that she would see him paid. After Mr. Hatcher's recovery, the plaintiff presented two bills and wrote a couple of letters to Mr. Hatcher, and afterwards made out an account against defendant, which his attorney mailed to her and afterwards brought suit upon. Defendant testified in direct contradiction to plaintiff in regard to his employment by her, and stated that she did not employ him herself nor agree to pay him out of her separate estate. *Held,* that the evidence brings the case within the rule that a "finding of the lower court upon a controverted fact will not be disturbed by this court on appeal, unless such finding is clearly against the weight of the evidence," and therefore a judgment upon a finding for defendant will be affirmed. *Anderson* v. *Territory, supra,* cited.

APPEAL from a judgment of the District Court of the Fourth Judicial District in and for the County of Yavapai. Webster Street, Judge. Affirmed.

The facts are stated in the opinion.

T. W. Johnston, for Appellant.

Kibbey & Edwards, and J. M. Damron, for Appellee.

DOAN, J.—Dr. C. A. Sewall sued Mrs. Emma Hatcher, a married woman with separate property, for professional services alleged to have been rendered at her instance and request to her husband, W. H. Hatcher, who was made co-defendant originally, but as to whom suit was dismissed, and against whom no judgment was asked. Writ of attachment was issued and levied upon her separate property, consisting of real estate, the title of which was in the name of Mrs. Hatcher, who denied the employment of plaintiff and appellant, or any agreement on her part to pay him out of her separate property. The action was first brought in the justice's court, where trial was had before a jury, and a verdict rendered for the defendant. An appeal was then taken to the district court, where the case was again tried to a jury before his Honor H. C. Truesdale, at the conclusion of which trial the jury, on the instruction of the judge, returned a verdict for

the defendant. A motion for a new trial because of the ruling
of the judge in taking the case from the jury was granted
after the death of Judge Truesdale, by Hon. Webster Street,
his successor upon the bench, before whom the case was
again tried upon the evidence that had been formerly sub-
mitted and the record in the case, and a judgment rendered
for the defendant. From this judgment and the order
of the court denying a new trial the plaintiff appealed to this
court.

It is assigned as error: 1. "That the court erred in not
finding as a fact that, as alleged in the complaint, the de-
fendant Mrs. Hatcher distinctly and unequivocally employed
the plaintiff to render for her, and on her sole account, the
professional services sued for." 2. "As a matter of law, the
court erred in determining that it was not competent for this
married woman to bind her separate estate upon such a con-
tract as that sued on, where the services rendered were for
the benefit of her husband."

This last error is incorrectly assigned. The court did not
make any such determination. It was not questioned that
Mrs. Hatcher could have legally bound herself to pay from
her separate estate for the services alleged to have been ren-
dered by Dr. Sewall for her husband. The only question
passed on by the court was, Did she do so? This question—
one of fact—the court decided in the negative.

It appeared in evidence that the plaintiff and defendant
resided in Prescott; that W. H. Hatcher had his leg broken
at Mescal Station, about twenty-eight miles from Prescott,
and wrote a letter to Mr. Goldwater, a merchant in Prescott,
advising him of the accident, and requesting him to send
Mrs. Hatcher and a surgeon. Mrs. Hatcher and Mr. Goldwater
testified that Goldwater read the letter to Mrs. Hatcher, and
asked her what doctor he should send. She replied that Dr.
Sewall always attended Mr. Hatcher. Goldwater testified that
he sent one Thomas Duke to notify Dr. Sewall of the case.
Duke testified that he delivered the message. Goldwater
testified that he also saw the doctor on the street and per-
sonally told him, and hired the team driven by the doctor
on that occasion, and afterwards paid the liveryman for the
same. Dr. Sewall testified that he received the word from
Duke and Goldwater, hired the team from the liveryman, and

then learned that Mrs. Hatcher desired to go with him, drove
to her house, and she got in the wagon and rode with him
twenty-eight miles to her injured husband, assisted in caring
for him, and returned with them next morning. Dr. Sewall
testified that in the wagon, on the road going, Mrs. Hatcher
told him she would see him paid. After their return he at-
tended the injured man several weeks, until he was fully
recovered. After his recovery the doctor presented to Mr.
Hatcher two several bills made out against W. H. Hatcher,
and wrote a couple of letters to Mr. Hatcher in regard to the
account, all of which are filed in evidence. Afterwards he
made out an account against Mrs. Hatcher, and his attorneys
mailed that to her, and afterwards brought suit upon it. Mrs.
Hatcher said she rode out in the wagon with Dr. Sewall and
the driver, and returned next morning with them and her
husband, but testified in direct contradiction to Dr. Sewall in
regard to his employment by her, and stated that she did
not employ him herself, nor agree to pay him out of her
separate estate. This case was tried to a jury in the justice's
court in the first instance, and their verdict found the facts
against the plaintiff on the evidence presented. The same find-
ing has been twice made by the district court. We have
repeatedly held that a "finding of the lower court upon a
controverted fact will not be disturbed by this court on
appeal, unless such finding is clearly against the weight of
the evidence." This proposition, like the kindred one that
"the verdict of a jury on conflicting testimony will not be
disturbed on appeal by this court, if there is any evidence to
support the verdict," has been so generally conceded that it
appears self-evident, and does not need the citation of authori-
ties in its support. The cases of *Anderson* v. *Territory, ante,*
p. 185, 56 Pac. 717; *Stockton Ice Co.* v. *Argonaut Land etc.
Co.,* (Cal.) 56 Pac. 885; *Lower Kings River Reclamation
Dist.* v. *McCullah,* 124 Cal. 175, 56 Pac. 887; *Cheney* v. *Wood-
worth,* 13 Colo. App. 176, 56 Pac. 979; *Pinson* v. *Prentise,*
8 Okla. 143, 56 Pac. 1049; *Board of Education* v. *Hobbs,* 8
Okla. 293, 56 Pac. 1052; *Schultz* v. *Barrows,* 8 Okla. 297, 56
Pac. 1053; *Everett* v. *Akins,* 8 Okla. 184, 56 Pac. 1062,—indi-
cate that the courts of last resort are at present fully sustain-
ing the view heretofore held on this question. The evidence
presented in this action unquestionably places this case fully

in line with the authorities above cited. The judgment of the district court is therefore affirmed.

Street, C. J., and Davis, J., concur.