MARY E. WIRSIG, GUARDIAN, APPELLEE, v. GEORGE F. SCOTT ET AL., APPELLANTS.

FILED JUNE 7, 1907. No. 14,859.

1. **Domicile: PRESUMPTIONS.** The domicile of the parents is presumably the residence of their minor children, but that presumption may be overcome by facts and circumstances showing a different condition.

2. **Guardians: APPOINTMENT: COLLATERAL ATTACK.** Where minor children over the age of 14 years apply for and, with the consent of their parents, procure the appointment of a guardian of their persons and property, the proceeding is not open to collateral attack on the ground that the parents are the natural guardians of their children.

APPEAL from the district court for Loup county: JAMES R. HANNA, JUDGE. *Affirmed.*

*A. S. Moon,* for appellants.

*Guy Laverty* and *A. M. Robbins, contra.*

JACKSON, C.

Alfred Wirsig resides in school district No. 23, Loup county. He purchased a valuable farm in school district No. 5 of that county. He is the father of two children, Otway Wirsig, aged 17, and Alpha Wirsig, aged 15. In July, 1905, these children went to live on the farm in school district No. 5, under an agreement with their father that they should take charge of the farm, use so much of it

as they choose, and pay a crop rent therefor. They kept
house by themselves, the furniture having been given them
for that purpose. They owned three head of horses and
ten head of cattle, which, with stock belonging to the
father, they kept on this farm. At their request and with
the consent of their parents, Mary E. Wirsig, an aunt, was
by the county judge of Loup county appointed guardian of
their persons and estate. The guardian resided in school
district No. 5. On September 11, 1905, they at-
tempted to attend the public school in district No. 5,
where they then resided. The teacher, by direction
of the board, refused to receive them into the
school. This action was instituted by the guardian, on be-
half of her wards, to enjoin the board and teacher from
interfering with their attendance at the school. A tem-
porary injunction was allowed, which on final hearing
was made perpetual. The defendants appeal.

The refusal of the officers of the district to allow these
children to attend the school in district No. 5, was put
upon the ground that they were nonresidents of the dis-
trict, and prior to the commencement of this action, on
the advice of counsel, who informed them that it might
save litigation, they tendered fees as nonresident pupils,
the tender of fees was refused, and the denial of their
right to attend the school was absolute.

The first question presented by the appeal is that the
proceedings resulting in the appointment of the guardian
were void, and that the action was improperly brought in
the name of Mary E. Wirsig, guardian. This contention
is put upon the ground that the parents are the natural
guardians, and that, while living, a guardian cannot be
appointed unless the unsuitableness of the parents is ad-
judicated, and numerous authorities are cited in support
of that contention. That rule is applicable where the ap-
pointment of a guardian is resisted by the parents, but
we know of no rule of law which will prevent the parents
from voluntarily surrendering the custody and control of
their children to a suitable guardian, if they choose to do

so, and, having taken that course and the proceedings being regular on their face, the appointment cannot be collaterally attacked, and the guardian, standing in *loco parentis* to the children, may maintain the action. *Mizner v. School District,* 2 Neb. (Unof.), 238. Nor does the fact that the children are not members of the same household with their guardian militate against this rule.

It is urged, further, that the legal domicile of the minor children is necessarily with their parents. That is a mere presumption, and is overcome by the facts showing a different condition. *McNish v. State,* 74 Neb. 261. The evidence is positive, direct, and without conflict, that the children did not move into school district No. 5 for the purpose of obtaining school privileges, and is sustained by the facts and circumstances shown to surround their removal. The case is governed in principle by the rule in *State v. Selleck,* 76 Neb. 747, where it was said: "If a family, or the person or persons having the legal custody and control of children of school age, remove to and live in a school district other than the district of their legal residence, and such removal is not for the purpose of obtaining school privileges, but is principally from other motives, such children are entitled to free school privileges while so living in the district." It is the policy of the state, declared in our fundamental law and followed by legislative enactment, to provide free public school privileges for children of school age, and that privilege must not be unreasonably denied. There is no equity in the position taken by the defendants. The children are residents of the school district within the meaning of the law. They are taxpayers and contribute to the support of the school which they sought the privilege of attending. The judgment of the district court has ample support in the facts, and is abundantly sustained by principle and authority.

We recommend, therefore, that it be affirmed.

AMES and CALKINS, CC., concur.