### JONES v. RESER et al.

No. 7672—Opinion Filed Sept. 26, 1916.

(160 Pac. 58.)

**1. Domicile—Requisites—"Residence."**

The residence of a man having a family which he maintains is prima facie where the family dwells, and a man's acts and conduct are more to be considered in determining the change of residence than any mere declarations of intent; and, when the question of residence or nonresidence is doubtful, the question should be so determined as will best secure the rights of creditors and others having dealings with such party.

**2. Same.**

The term "residence" means a settled or fixed abode of a character indicating permanency, at least for an indefinite time. It signifies a party's permanent home and principal establishment, to which, whenever he is absent, he has the intention of returning.

**3. Process—Service—Return—"Residence."**

The return of the sheriff, which recites that a certified copy of the summons was left with defendant's wife, at his usual place of residence, makes out a prima facie case of residence.

(Syllabus by Mathews, C.)

Error from Superior Court, Garfield County; James B. Cullison, Judge.

Action by Mrs. Lewis Jones against Charlie H. Reser and others. Judgment for defendant Frank McVickers on his motion to vacate judgment, and plaintiff brings error. Reversed, with instructions to dismiss motions filed by defendant.

Adam S. Garis, for plaintiff in error.

Geo. D. Wilson and M. C. Garber, for defendants in error.

Opinion by MATHEWS, C. The plaintiff in the trial court will be designated as plaintiff

here, and the defendant Frank McVicker as defendant here.

On January 8, 1913, plaintiff obtained a judgment against defendant Frank McVicker and several other defendants in an action to foreclose a real estate mortgage. An order of sale was issued and said property sold, and, there being a deficiency judgment, an execution was issued and levied upon certain real property belonging to defendant Frank McVicker. This property was duly advertised and sold, and thereupon said defendant appeared specially and filed objection to the confirmation of sale, and also moved to set said judgment aside upon the alleged ground that no legal service was had upon him.

The service of process upon defendant in the original action was had, as shown by the sheriff's return, "by leaving a certified copy of the summons for defendant with his wife at his usual place of residence in Garfield county, Okla." Judgment was entered by default.

It appears from the affidavits and oral evidence introduced at the hearing upon the motions that defendant, with his wife and children, had resided at 715 West Oklahoma Ave., Enid, Okla., for quite awhile (the exact time not being disclosed by the evidence) before the sheriff left the summons for defendant with his wife at this place on the 11th day of May, 1912. It further appears that from about the last of February or the first of March, 1912, the defendant spent most of his time on a farm owned by him near Crescent, in Logan county, which he claimed at the hearing was his residence at all times after the date last mentioned above. At the time he went out to said farm he took some bedding for himself and feed for his stock, and his wife and children also went out to the farm shortly afterwards. How long they stayed there the evidence does not disclose, but the evidence does show that within a month she and the children were again living at their old home in Enid, but it is claimed by defendant that they had taken up their actual residence with him on his farm and had returned to Enid to send their children to school, and that she and the children again returned to the farm in Logan county as soon as the school term closed. It was further shown that defendant was frequently seen in Enid after the date he claimed to have taken up his residence in Logan county, but at the hearing he claimed that on these occasions he had returned to Enid either on business or to visit his family.

The trial court found in favor of defendant upon the issue joined on the motion to vacate the judgment, but we are unable to

agree with his conclusions. As a whole, the evidence upon the part of the defendant is very vague, indefinite, and unsatisfactory and the claim of residence in Logan county at the time the summons was left with his wife in Enid appears to be a mere subterfuge in an endeavor to evade the results of the judgment taken against him. There were several defendants in the suit, and all of them defaulted. The action was a suit upon a note, and for the foreclosure of a mortgage.

The property named in the mortgage was duly sold under an order of sale, and it was not until other property of defendant was levied on to make the deficiency did defendant file his motion to vacate the judgment, which was about two years afterwards.

It is said in Schultz v. Barrows et al., 8 Okla. 297, 56 Pac. 1053:

"It was declared in Keith v. Stetter, 25 Kan. 70, that the residence of a man having a family which he maintains is prima facie where the family dwells, and that a man's acts and conduct are more to be considered in determining the change of residence than any mere declarations of intent; and, when the question of residence or non residence is doubtful, the question should be so determined as will best secure the rights of creditors and others having dealings with such party."

We take the following from Fidelity & Deposit Co. v. Sheahan, 37 Okla. 702, 133 Pac. 228, 47 L. R. A. (N. S.) 309.

"There must be a settled, fixed abode, an intention to remain permanently, at least for a time, for business or other purposes, to constitute a residence within the legal meaning of that term."

"The term 'residence' simply means a settled or fixed abode of a character indicating permanency, at least for an indefinite time. It signifies a party's permanent home and principal establishment, to which, whenever he is absent, he has the intention of returning." In re Clark, 15 N. Y. Supp. 370; Williams v. Farmers' Gin & Grain Co., 13 Okla. 5, 73 Pas. 269; Berryhill v. Sepp, 106 Minn. 458, 119 N. W. 404, 21 L. R. A. (N. S.) 344; Northwestern & P. H. Bank v. Ridpath, 29 Wash. 687, 70 Pac. 139.

While it is true that the wife's residence does not control or fix her husband's residence and that where a man's family resides is not necessarily the place of his residence, yet where there is no separation in the case of a married man his residence is prima facie where his wife and family reside. Missouri, Kansas & Texas Trust Co. v. Norris, 61 Minn. 256, 63 N. W. 634. While there was a feeble attempt to refute it we are of the opinion that at the time the summons was left with the wife, she and the children were undoubtedly residing in Enid in their old home. In addition to this prima facie case, the return of the sheriff, which recites that a certified copy of the summons was left with his wife at his usual place of residence, also makes out a prima facie case for plaintiff, and we are of the opinion that the unsatisfactory evidence upon the part of the defendant does not successfully rebut such prima facie case to say nothing of the substantial evidence adduced upon the part of the plaintiff showing an actual residence in Enid, Garfield county, at the time of the service of summons.

The judgment should be reversed, with instructions to the trial court to dismiss the motions filed by defendant.

By the Court: It is so ordered.