## COX et al. v. STATE et al.

No. S403—Opinion Filed Oct. 31, 1916.

(160 Pac. 895.)

### 1. Evidence — Process — Return — Effect as Evidence—Best Evidence.

An official return is the best evidence of the doings of the officer under the mandate of the writ or process, and is sufficient as proof of the facts which the officer is authorized and required to certify.

### 2. Intoxicating Liquors—Searches and Seizures—Return.

By virtue of the provision of section 3617, Rev. Laws 1910, the officer is required to make a return, "setting forth a particular description of the liquor and property seized, and of the place where the same was so seized."

### 3. Same.

Where an automobile was seized by an officer without warrant as a thing used in violation of the prohibition laws, held, that such return is of itself incompetent as evidence to prove any unlawful characteristics thereof, or to establish facts which distinguish it or its use as illegal or prohibited at the time of its seizure.

(Syllabus by Bleakmore, C.)

Error from County Court, Cotton County; J. C. Norman, Judge.

Action by the State against Charley Rice and others, defendants, and Mrs. Elbert J. Cox and another, interpleaders. Judgment for plaintiff, and interpleaders bring error. Reversed and remanded.

Sigler & Howard, for plaintiffs in error.

Opinion by BLEAKMORE, C. On April 10, 1916, the following return was filed in the county court of Cotton county:

"The State of Oklahoma, Plaintiff, v. Charles Rice, Ben Lane, Jim Brocket, and Oluf Fitzgerald, Defendants. Search and Seizure without a Warrant. Comes now Carl Keeter and Lee Lowe, sheriff, in and for Cotton county, Okla., and gives the court to understand and be informed that at and within the said Cotton county, Okla., on, to wit, the 10th day of April, 1916, the above-named defendant was then and there in the presence of relator in possession of certain spirituous, vinous, and intoxicating liquors with the willful, unlawful intent then and there on the part of the said defendant to barter, sell, convey, transport, give away, and furnish the said liquors in violation of the laws of Oklahoma, and was then and there unlawfully engaged in transporting and conveying the said liquors from one place in the state of Oklahoma to another place in Oklahoma. Whereupon the relator did, without any warrant, arrest the said defendant and search him and his premises, and did seize and take into my possession the said liquors and all the furniture, fixtures, tools, and implements then and there unlawfully used in the possession, conveyance, and transporting of said liquors, to wit, 264 pints of whisky and Reo 4 automobile, motor number, 79146. And relator here now brings the said defendants and all of said property into this court, to be disposed of according to law in such cases made and provided.      C. E. Keeter.

"Lee Lowe.

"Fees:    Arrest .....__$4.00
       "Mileage, 44__ 4.40."

Thereafter Mrs. Elbert Cox filed in said court her written plea of intervention, setting forth that she was the owner of the automobile seized; that the same had been taken and was being used at the time of its seizure without her knowledge or consent, and was not then, and had never been, with her knowledge or consent, used in violation of law, etc. The First National Bank of Berwyn, Okla., also filed its interplea, asserting a lien on said automobile by virtue of a mortgage securing an unpaid indebtedness, and that such automobile was not used with its knowledge or consent in violation of law. Demurrer to the plea of the bank was sustained. Hearing was had before the court upon the plea of intervention of Mrs. Cox, upon which she introduced evidence establishing her ownership of the automobile in question, and the fact that it was taken and used on the occasion when it was seized without her knowledge. Whereupon the state, over the objection of intervenor, offered in evidence the return, supra, and the certificate of the clerk of the city of Ardmore, to the effect that the livery tag found upon the car was sold to E. L. Rice, who it appears is a brother of the Charles Rice named in the caption of the sheriff's return. Upon this evidence the court adjudged that the automobile be confiscated to the state, and delivered to the board of county commissioners of Cotton county for disposition; and intervenors have appealed.

Section 3617, Rev. Laws 1910, provides:

"3617. When a violation of any provision of this chapter shall occur in the presence of any sheriff, constable, marshal, or other officer having power to serve criminal process, it shall be the duty of such officer, without warrant, to arrest the offender and seize the liquor, bars, furniture, fixtures, vessels and appurtenances thereto belonging so unlawfully used, and to take the same immediately before the court or judge having jurisdiction in the premises, and there make complaint, under oath, charging the offense so committed, and he shall also make return, setting forth a particular description of the

liquor and property seized, and of the place where the same was so seized, whereupon the court or judge shall issue a warrant commanding and directing the officer to hold the property so seized in his possession until discharged by due process of law, and such property shall be held and a hearing and adjudication on said return had in like manner as if the seizure had been made under a warrant therefor."

By section 10, c. 70, Sess. Laws 1910-11, it is provided:

"Upon the return of such warrant, as provided in the next preceding section, the judge or magistrate shall fix a time, not less than ten days, nor more than thirty days thereafter, for hearing of said return, when he shall proceed to hear and determine whether or not the property and things so seized or any part thereof, were used, or in any manner kept or possessed by any person within this state, with the intention of violating any of the provisions of this act. At such hearing any person claiming any interest in any of the property or things seized, may appear and be heard upon filing a written plea of intervention setting forth particularly the character and extent of his claim; but upon such hearing the sworn complaint or affidavit, upon which the search warrant was issued, shall constitute prima facie evidence of the contraband character of the property and things seized, and the burden shall rest upon the claimant to show, by competent evidence, his property right or interest in the thing claimed, and that the same was not used in violation of any of the provisions of this act, and was not in any manner kept or possessed with the intention of violating any of the provisions of this act. If, upon such hearing, no person shall appear as a claimant for any of the property and things seized, the judge or magistrate shall thereupon enter judgment of forfeiture in favor of the state without requiring or receiving any other evidence than that contained in the sworn complaint or affidavit upon which the search warrant was issued; if, upon such hearing, any person shall appear as claimant to the property or things seized, or any portion thereof, the issue of facts thus raised shall be tried in the manner provided by law and judgment shall thereupon be entered accordingly."

While the record before us is silent with regard thereto, it may be presumed (if the same is material) that the county judge, in the performance of his duty, issued a warrant, directing the sheriff to hold the property seized in his possession until discharged. By section 3617, supra, it is provided:

"Such property shall be held and a hearing and adjudication on said return had in like manner as if the seizure had been made under a warrant therefor"

—and by section 6 (Laws 1907-08, c. 69, art.

3, as amended by section 10, Laws 1910-11, c. 70), that:

"Upon such hearing the sworn complaint or affidavit, upon which the search warrant was issued, shall constitute prima facie evidence of the contraband character of the property and things seized."

In the instant case, as appears by the return of the sheriff, the property was seized upon violation of the law in his presence, without warrant issued upon affidavit or complaint. Obviously the return of the officer under such circumstances was sufficient to confer jurisdiction upon the court to proceed against the property seized, the statute specifically providing that a hearing and adjudication shall be had upon such return.

It is also provided that where a claimant of the property appears, the issue of fact raised by his plea of intervention must be tried in the manner provided by law. It is clearly contemplated by the law in every instance that evidence of the contraband character of the property seized must be adduced by the state to authorize a forfeiture thereof. In certain cases where things are seized by warrant it is declared that the sworn complaint or affidavit upon which the same is issued shall constitute prima facie evidence of such character; and where this evidence, designated as sufficient in the judgment of the Legislature for the purpose, is presented the burden rests upon the claimant to show his property right or interest in the thing claimed, and that it was not used in violation of law. But the return of the officer setting forth a description of the property, whether seized with or without warrant, does not, in any instance, by virtue of the statute, constitute evidence, prima facie or otherwise, of the character or use of the thing taken into his possession. The return of an officer ordinarily is an official statement of what he has done in obedience to the mandate of the law. By virtue of the special statutory provisions, supra, where property is seized without warrant, as in the present case, the return of the officer is required to set forth a particular description of such property and the place where the same was seized, and nothing further.

In Driggers v. U. S., 21 Okla. 60, 95 Pac. 612, 129 Am. St. Rep. 823, 17 Ann. Cas. 66, the rule announced in 18 Encyclopedia of Pleading & Practice, 963, is quoted with approval, as follows:

"An official return is the best evidence of the doings of the officer under the mandates of the writ or process, and is sufficient as proof of the facts which the officer is authorized and required to certify."

But the return of an officer is not competent evidence as to facts which he is not required to certify in the proper execution of his powers. 3 Jones on Evidence, sec. 631.

We therefore conclude that the return in the instant case, which alone forms the basis of the judgment, is of itself incompetent as evidence to prove any unlawful characteristic of the automobile in question, or to establish facts which distinguished it or its use as illegal or prohibited at the time of its seizure.

It is unnecessary to consider the other interesting questions involved in this proceeding.

There being no competent evidence upon which the judgment of forfeiture can be predicated, the same should be reversed, and the cause remanded for further proceedings.

By the Court: It is so ordered.