## MORGAN et al. v. C. I. T. CORPORATION.

No. 21934.   Jan. 23, 1934.

Priest & Belisle, for plaintiffs in error.

Pierce, McClelland, Kneeland & Bailey, for defendant in error.

BAYLESS, J., C. I. T. Corporation, a corporation, defendant in error, to be referred to herein as plaintiff, instituted an action in replevin in the district court of Oklahoma county, Okla., against J. H. Morgan, Walter Moore, Western Motor Company, a corporation, and C. D. Sautbine,

plaintiffs in error, to be referred to herein as defendants.

The judgment of the trial court was in favor of the plaintiff for the return of the property, or, in lieu of its return, for its value in the sum of $2,800.

There is but one question presented upon this appeal and that is the sufficiency of the evidence to support the judgment of the court. At this time we may say that the plaintiff introduced evidence, to which the defendants demurred; but when the demurrer was overruled, they introduced no evidence. The judgment in favor of the plaintiff was rendered upon the evidence after defendants rested, and not upon the demurrer to the evidence.

The only respect in which it is claimed that the evidence is insufficient to support the judgment concerns the proof of possession of the property by the defendants. As to the defendants Western Motor Company, a corporation, and C. D. Sautbine, there is positive oral testimony that the property was in their possession or at least in the possession of the corporation, and that C. D. Sautbine, as its manager, declined to deliver to the plaintiff possession of the property when it was demanded. In addition to this, what we say hereafter of the evidence applicable to their codefendants is equally applicable to them. This is sufficient to make out a prima face case on the part of the plaintiff, and to shift the burden of proof to the defendants.

As to the defendants J. H. Morgan and Walter Moore, the only evidence introduced was the return of the sheriff upon the writ of replevin, which reads:

"I received this writ March 5, 1930, and executed the same in my county by delivering a true copy of this writ with all the indorsements thereon to the within named: J. H. Morgan, Walter Moore, C. D. Sautbine; each in person at 2:15 p. m., March 5, 1930; Western Motor Co., a corp., by serving C. D. Sautbine Mgr. of said corp., in person on March 5, 1930, at 2:10 p. m. The Pres. and other chief officers of said corp., not being found in my county on said date. And by taking possession of the within described automobile on said date. Redelivery bond having been made by said defendants within 24 hrs., I return said automobile to said defendants at 12 m., March 6, 1930."

These defendants contend that this return of the sheriff is not the best evidence upon this point, and quote from the case of Cox v. State, 61 Okla. 182, 160 P. 895, to show that the return of an officer is not competent evidence as to facts which he is not required to certify in the proper execution of his powers or duties. It is enough to say that while this statement of law is applicable to the facts of that case, it also lays down a general rule which exactly fits the facts of this case, when it says:

"An official return is the best evidence of the doings of the officer under the mandate of the writ or process and is sufficient as proof of the facts which the officer is authorized and required to certify."

By the mandatory provisions of sections 785-788, O. S. 1931, the writ of replevin is directed to the sheriff, it shall contain requisite information as to the property to be taken and the persons who allegedly detain it, the sheriff shall serve it within a specified time and shall take possession of the property, and shall, if sufficient bond be given to him, within 24 hours of the taking of the property, redeliver the property to the person from whom he has taken it, and perform other duties not here pertinent, and make a return evidencing the manner of the service of the writ. It is our opinion that the return of the sheriff upon a writ of replevin relating the manner in which he performed these mandatory duties is the best evidence of the performance of these duties or powers thereunder.

It is argued that this return is ambiguous in that it uses only the expression "defendants," and that such term might not include all of the defendants. Under authority of Cox v. State, supra, and of Jones v. Reser, 61 Okla. 46, 160 P. 58, we are holding that an officer's official return upon process directed to him is the best evidence of the manner in which it was served, in keeping with the commands of the statute in the sense that it is admissible in evidence, and when it is admitted in evidence it is sufficient to make a prima facie case of the matter sought to be proved thereby, and shift the burden of proof to the opposing party. Also, when we say that it is the best evidence, we do not mean that it is conclusive evidence upon the other parties. It is subject to be rebutted by the other parties. In this case the defendants did not see fit to rebut this evidence.

The judgment of the trial court is therefore affirmed.

RILEY, C. J., CULLISON, V. C. J., and ANDREWS and BUSBY, JJ., concur.