JOSEPH CONFORTE, ALSO KNOWN AS JOE CONTE, PETITIONER, v. THE HONORABLE RICHARD R. HANNA, JUDGE OF THE FIRST JUDICIAL DISTRICT COURT OF NEVADA, IN AND FOR THE COUNTY OF STOREY; CECIL J. MORRISON, SHERIFF OF STOREY COUNTY; URSULA MacHENRY, COUNTY CLERK OF STOREY COUNTY; ROBERT H. MOORE, DISTRICT ATTORNEY OF STOREY COUNTY, RESPONDENTS.

No. 4303

April 28, 1960 · 351 P.2d 612

(Petition for writ of certiorari was denied by the Supreme Court of the United States October 10, 1960.)

*Gordon W. Rice,* of Reno, for Petitioner.

*Roger D. Foley,* Attorney General, and *Robert H. Moore,* District Attorney, Storey County, for Respondents.

## OPINION

*Per Curiam:*

Petition for writ of certiorari to review action of respondent court in adjudging petitioner guilty of contempt for failure to comply with an order to abate a nuisance.

In 1957 the District Court of the First Judicial District in and for the county of Storey entered a judgment permanently enjoining the petitioner herein from operating a house of prostitution, declaring the premises

involved a nuisance, and ordering abatement of the same. The affidavit of Robert L. Peek, a deputy sheriff, showed personal service of the summons in said action and of the temporary restraining order upon petitioner Joseph Conforte in Storey County on November 26, 1956. Petitioner made no appearance in said action and his default therein was entered.

Thereafter upon a showing that the said nuisance had not been abated and that the said petitioner was continuing to use said premises as a house of prostitution, the said district court on February 3, 1960 issued an order directing petitioner to show cause why he should not be punished for contempt in failing to comply with said injunction and the order of abatement.

Conforte and his counsel were present at the time and place specified in said last-mentioned order and by special appearance moved to dismiss the contempt proceedings, supporting his motion by the affidavits of Conforte, one Salley E. Burgess, apparently one of the girls on said premises, and said Robert L. Peek. The Conforte and Burgess affidavits stated that Conforte was not served with summons as shown on the return of summons, the Conforte affidavit saying that at the stated time he was not in Storey County, and the Burgess affidavit saying that Conforte was not on "said premises" on the particular day. The Peek affidavit stated that at the time of service of summons, service was made "on a person then believed by me to be Joseph Conforte or Joe Conforte. Since said 16th and 26th days of November, 1956, I have become acquainted with Joseph Conforte, also known as Joe Conforte, and I am not certain whether I made said service on the person I know now to be Joseph Conforte, also known as Joe Conforte, or upon some other person who was then in the premises affected by this litigation."

At the hearing on said motion to dismiss the order to show cause, with Honorable Richard R. Hanna, District Judge, presiding, in addition to the record of the case from which said order had issued and the said three affidavits in support of the motion, petitioner called said Peek as a witness. In open court he testified that in

November 1956 he made the affidavit of service of summons in good faith; that he had gone to the said premises and asked the man who came to the door if he were Joseph Conforte; that when the man answered affirmatively he handed him the summons; that now, more than three years later, he couldn't say one way or the other whether the person served was Conforte. "After these years I wouldn't know whether Joe Conforte was this man * * *." Based on such evidence, the motion to dismiss was denied.

Thereupon petitioner and his client refused to participate in any further hearing on the order to show cause. The court then proceeded to hear evidence in support of the charges against petitioner and finding them to be true adjudged petitioner guilty of contempt.

A perusal of the record before us discloses that the original judgment enjoining petitioner was based on proper service of summons thereby giving the court jurisdiction to enter said judgment. Evidence to impeach said judgment consisted of affidavits made more than three years later and also the oral testimony of the process server. The nature of this evidence has already been disclosed. The court apparently was skeptical of all such impeaching evidence and in denying the motion to dismiss relied upon the original affidavit of personal service.

Certainly this court cannot say that Judge Hanna acted improperly in failing to give credence to the self-serving affidavit of Conforte, the affidavit of a woman frequenting such type of premises, and the uncertain affidavit and oral testimony of the process server attempting to relate facts occurring more than three years before, or that Judge Hanna acted improperly in failing to hold that the weight of such evidence was sufficient to overcome the presumption in favor of the validity of the affidavit of service of summons. Chader v. Wilkins, 226 Iowa 417, 284 N.W. 183; Couch v. International Brotherhood of Teamsters, Okl., 302 P.2d 117; Jones v. Reser, 61 Okl. 46, 160 P. 58.

The judgment being valid on its face, and the respondent court's determination that the evidence offered for

the purpose of impeaching said judgment was insufficient to overcome the legal presumption of its validity, we must necessarily hold that the court had jurisdiction to hear and determine the contempt proceedings.

Petition for writ of certiorari dismissed.