THE STATE EX REL. SMITH, Respondent, vs. THE BOARD OF
Education of the City of Eau Claire, imp., Appellant.

*March 23 — April 30, 1897.*

*Public schools: Expulsion of pupil: Tuition fees: Residence for school
purposes.*

1. The wrongful exaction of a tuition fee by the teacher and principal
   of a school as a condition of allowing a pupil to remain in school,
   and the payment of such fee under protest, are not equivalent to
   an expulsion of the pupil from the school, where the school board
   alone has the power of expulsion.
2. Where a child of school age is sent or goes into a school district
   with the primary purpose of securing a home with a particular
   family, he is entitled to the benefits of the public schools in that
   district free of charge; but if his primary purpose in locating
   therein is to participate in the advantages of the public schools he
   must pay tuition, even though he has some other incidental pur-
   pose to subserve while so attending school.

APPEAL from a judgment of the circuit court for Eau
Claire county: W. F. BAILEY, Circuit Judge. *Reversed.*

The facts are stated in the opinion.

For the appellant there was a brief by *Doolittle & Shoe-
maker*, and oral argument by *L. A. Doolittle.*

*A. C. Larson*, for the respondent.

CASSODAY, C. J.   The plaintiff's petition for a *mandamus*
states, in effect, that at the times mentioned he was a resi-
dent householder and taxpayer in the Eighth ward of Eau
Claire; that Ingvald Olson, a minor of the age of eleven years,
had previously been apprenticed to him, and had lived with
and been a member of his family continuously since Decem-
ber 23, 1892, and that he had furnished Olson with the neces-
sary school books, utensils, and apparatus; that Olson had
attended the school in the Eighth ward since the commence-
ment of the school term of 1893, up to March 30, 1894, on
which last-mentioned date he was suspended, dismissed, and

State ex rel. Smith vs. Board of Education of the City of Eau Claire.

expelled from said school by the teacher in the room where he belonged, and by the principal of the school, under and by virtue of a certain pretended resolution passed by the board of education of that district March 20, 1894, but without lawful authority or right, and without legal or reasonable excuse, and contrary to the wish of the plaintiff; that said teacher, principal, and board of education had each and all refused to readmit the said Olson as a pupil in the school unless he should pay a certain sum as tuition fee; that March 29, 1894, the plaintiff tendered the teacher of the room where Olson attended the required amount of tuition fee, but that she refused to receive said money, and informed the plaintiff that said money should be paid to the city treasurer; that March 30, 1894, when said pupil was so suspended, dismissed, and expelled from said school, the principal of the school was again tendered the amount for tuition, under protest, but she refused to receive it and admit him as such pupil, and illegally excluded him therefrom. The substance of such statements is repeated in the alternative writ of *mandamus* issued from the circuit court.

To that writ the board of education made answer and return to the effect that Olson was not a resident of the school district, and was not entitled to attend any public school in the city without payment of tuition therefor; that an order had been duly and regularly made by the board excluding from the privileges of the schools of the district any and all pupils who were not residents of said school district, unless such nonresident pupils should pay to the city treasurer the tuition fee therein named,— and denied any knowledge, or information sufficient to form a belief, as to the truth of any of the allegations in the petition therein contained, except as to the allegation that the said Olson had been suspended, dismissed, and expelled from the Eighth Ward school of the city; that said allegation was thereby denied; and that said board of education alleged that the said Olson had ·

State ex rel. Smith vs. Board of Education of the City of Eau Claire.

not been suspended, expelled, or dismissed from said school, or from any public school in the city of Eau Claire.

The said principal of the school made answer and return to the effect that Olson had not been by her expelled, suspended, or dismissed, or otherwise excluded from the Eighth Ward school in the city, or from any school in the city, and that she had no right, power, or authority to readmit to any school in the city any pupil who may have been suspended, dismissed, or expelled therefrom, and that all the right, power, or authority which she had exercised with regard to the attendance at school was delegated to her by the board; that said Olson had tendered a tuition fee, and demanded a receipt therefor, but that she refused to give the receipt or take the money. The said teacher of the school made answer and return to the effect that she had no knowledge or information sufficient to form a belief, as to what relationship and what contracts might exist between Olson, his parents, and the plaintiff.

Upon the stipulation of the parties, all the issues of fact raised by the return of the board were ordered to be heard and determined by a jury. Thereupon the court ordered two questions to be submitted to the jury, to the effect — First, as to whether Olson, during the time mentioned, was a legal resident of the city for school purposes, and as such entitled to attend the public schools free of charge and without paying tuition therefor; and, secondly, as to whether Olson was illegally expelled from the Eighth Ward school in the city March 30, 1894. At the close of the trial the jury returned a verdict to the effect that they found that Olson was entitled to attend the public schools of the city free of charge. But the jury entirely failed to answer the second question submitted,— as to whether Olson had been illegally expelled, or expelled at all. The judgment of the circuit court, signed by the presiding judge, recites that the court had found from the undisputed evidence that Olson

was illegally expelled from the public schools of the city March 30, 1894, and accordingly granted the peremptory writ of *mandamus*. From that judgment the board of education brings this appeal.

1. The real issue for determination was whether Olson was illegally expelled from school, and yet that question was taken from the jury in the manner indicated, and on the ground that the undisputed evidence showed that he was so illegally expelled. That question really included the question which was submitted to the jury under sec. 3452, S. & B. Ann. Stats., as to whether Olson had a legal residence in the city, such as entitled him to attend the public schools. After a careful examination of the evidence, we are convinced that it is insufficient to sustain a finding that he was ever expelled at all,— much less that he was illegally expelled. Olson testified to the effect that he was turned out of school by a teacher in the spring of 1893, and then, after remaining out of school for three or four days, he "commenced to go to school again, and continued until about a year after;" that is to say, until March 30, 1894, when it is found that he was expelled again. The strongest evidence in that direction is that on the morning of the day and year last mentioned his teacher sent him home, with a note from her to the plaintiff to the effect that she was obliged to send him home, as he had not presented his receipt; that, if the plaintiff intended to pay his tuition on that day, to let her know, and he would be allowed to come back on the afternoon of the same day. He further testified to the effect that he took that note from his teacher to the plaintiff at the forenoon recess; that, upon delivering such note to the plaintiff, he turned around and went back to the school, and got there before 12 o'clock; and that he continued to attend school from that time until the end of the term that summer. It is hardly necessary to say that neither the teacher nor the principal of the school had any

power to expel Olson. That power was vested in the school board, exclusively. Sec. 439, R. S.; *State ex rel. Burpee v. Burton*, 45 Wis. 150; *State ex rel. Bowe v. Board of Education*, 63 Wis. 234. There is no evidence that the board did anything towards expelling Olson. The plaintiff testified to the effect that, upon receiving from Olson the note so sent by his teacher, he went and paid the tuition, $12, under protest. Assuming that such tuition was wrongfully exacted and wrongfully received, and that the plaintiff has a legal remedy therefor, yet it is very certain that such facts furnish no ground for sustaining this judgment. The anomaly about this judgment consists in the fact that it compels the board and the principal and the teacher to do what they had already voluntarily done. The judgment seems to go upon the theory that if the tuition fee was wrongfully exacted and received upon being paid under protest, then it was equivalent to and conclusive evidence that Olson had been expelled from school. We do not understand such to be the law.

2. The court charged the jury " that if the evidence satisfies you that the boy came to Eau Claire to reside permanently with his uncle, who was to clothe him, give him a home, and who had control of him, and the benefit of the public schools was not the *sole and only* purpose, then it is that you should find the issue presented in favor of the relator." Under this charge the jury were bound to find that Olson had the right to attend the public school without paying any tuition, unless they found that his presence in the city was for the sole and only purpose of attending the public school. This we think was error. The constitution provides that district "schools shall be free and without charge for tuition, to all children between the ages of four and twenty years." Sec. 3, art. X. This court has held "that when the legislature has provided for each such child the privileges of a district school, which he or she may

freely enjoy, the constitutional requirement in that behalf .is complied with. This the legislature has done." *State ex rel. Comstock v. Joint School District*, 65 Wis. 636, 637. So this court has held, in effect, that where a child of school age is sent or goes into a certain school district with the primary purpose of securing a home with a particular family, then he is entitled to the benefits of the public school of such district free of charge. *State ex rel. School Dist. No. 1 v. Thayer*, 74 Wis. 48, 59. But, if.the primary purpose of the locating in such district is to participate in the advantages which the public schools therein afford, then he must pay tuition, even though there be some other incidental purpose to be subserved while so attending school therein. *Id.*

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.