GRIFFIN *v.* McGAVIN.

1. Judgments—Bill in Aid of Execution.
    A judgment irregular merely, and not absolutely void, is a
    sufficient foundation for a bill in aid of execution.

2. Same—Irregularity—Collateral Attack.
    Where, in an action commenced by filing declaration, the
    declaration was served, and a proper rule to plead was entered,
    but there was no service of notice, a judgment taken by de-
    fault upon defendant's failure to appear is irregular merely,
    and not subject to collateral attack.

Appeal from Kent; Adsit, J.   Submitted February 2,
1898.   Decided June 28, 1898.

Bill in aid of execution by M. Francis Griffin against
Frank McGavin and Richard Cuddihy.   From a decree
dismissing the bill, and granting to defendant McGavin
relief sought by cross-bill, complainant appeals.   Re-
versed.

*D. E. Corbitt*, for complainant.

*Taggart, Knappen & Denison*, for defendant Mc-
Gavin.

HOOKER, J.   The complainant recovered a judgment
against the defendant upon a replevin bond, in an action
commenced by filing declaration.   The bill in this cause is
filed in aid of execution, and was dismissed upon the
hearing, upon the ground that the judgment mentioned
was void for want of jurisdiction of the defendant.   The
sheriff's return indorsed upon the declaration, which was
within the wrapper upon which the rule to plead was
printed, is as follows:

"I certify that on the 12th day of October, 1895, I
served a copy of the within declaration on John Tierney

and Frank McGavin, giving each of them a copy of the within; and on the 21st day of October I served a copy on Michael Collins, giving him a copy of the within.

" October 21, 1895.

"IRVING WOODWORTH, Acting Sheriff,
"By NICHOLAS BOUMA, Deputy Sheriff."

The defendant did not appear, and judgment was taken upon entry of his default. There was no showing of service of notice of rule to plead to support the entry. After the answer in this cause was filed, the complainant made a motion in the action upon the bond for leave to amend, which was granted upon a condition with which he never complied.

If the judgment rendered was irregular merely, and not absolutely void, it is a sufficient foundation for the complainant's bill. This court has been liberal in holding proceedings amendable in actions commenced by declaration, where a proper service has been shown. In *Coe* v. *Hinkley*, 109 Mich. 614, it was held that, when a proper service was shown, an entry of the rule to plead *nunc pro tunc* was permissible. In *Granger* v. *Judge of Superior Court*, 44 Mich. 384, the rule to plead entered and served required a 10-days notice only, while the statute prescribed 20. On *mandamus* to vacate a judgment entered upon default for want of an appearance, the writ was denied upon the ground that the mistake was an irregularity, and, the judgment not being void, the defendant should have seasonably taken steps to review it; that, like any other process, it was amendable; and that, where there has been an actual personal service of the defective process or notice, it has not been held that the proceedings are void. The reason given is that—

" The party, having been legally served within the jurisdiction, is personally informed that proceedings will be urged against him. He has a right to expect that in due time the plaintiff will discover the error and take steps to rectify it. If this is not done, he has a right to the common-law remedies for the correction of errors, and may, until those are lost by lapse of time, resort to them, to have relief against the erroneous action. But it is not

settled and would be unjust to allow a party to attack such proceedings collaterally after long. lapse of time, when the plaintiff has lost any other remedy, and thus avoid what was probably a just liability. If he does not see fit to sue out a writ of error, when he knows where the proceedings are pending, and has had full opportunity to examine into the action of the court, he should not, in fairness, be allowed the advantage of what is a merely formal objection, and we do not think the authorities cited sustain any view to the contrary.

"Where cases and proceedings are not according to the usual course, and are special in their character, they are held void on slighter grounds than regular suits, because the courts have not the same power over their records to correct them. So, where there has been no personal service within the jurisdiction, the doctrine prevails that proceedings not conforming to the statutes are void. But this is on the ground that there has been no service whatever, and the party, therefore, has not been notified in any proper way of anything. The purpose of the statutory methods is to furnish means from which notice may possibly or probably be obtained. But, as a court acting outside of its jurisdiction is not recognized as entitled to obedience, the special statutory methods stand entirely on their own regularity, and, if not regular, cannot be said to have been conducted under the statutes. The distinction is obvious, and is not imaginary.

"Here there was proper notice of a pending suit, the only defect being the fixing of too short a time for appearance. While the defendant sued had a right to insist on proper adherence to the rules governing such cases, he should have brought error when he found the plaintiff expected to enforce his judgment. If this had been a notice after the party had been regularly served and the suit fairly in progress, the authorities are uniform that the defect would be waived entirely unless seasonably complained of. There is no hardship in the rule which requires in such a notice as the present resort to some recognized method to correct the error, instead of treating it as fatal for all purposes."

See, also, *Brown* v. *Wayne Circuit Judge*, McGrath, Mand. Cas. No. 21.

In the present case the proper rule was entered, but there was no service of any notice whatever, in which

respect it differs from the *Granger Case*, where there was a service, but it was of notice of the defective rule. In each case the declaration was served.

The case of *Turrill* v. *Walker*, 4 Mich. 177, recognizes the rule applied in the last-mentioned cases, but it contains language which, at first blush, might be thought to support the defendant's contention; but we think it does not necessarily, as all the case holds is that, where no notice of the rule was served, a judgment upon default would be reversed on writ of error, and that, by "neglecting to move promptly when the plaintiff took the next step," the defendant did not waive the defect, which he might still take advantage of on writ of error. The judgment was reversed, and, as the service was shown to be out of the county, it is presumed that it was the end of the matter. It is significant that the court did not say that the judgment was void by reason of the failure to give notice of the rule to plead.

The declaration in this case, at least, contains the statement that it was filed as commencement of suit. It would seem that this gave notice of that fact, and it must be presumed that the defendant had knowledge of the law that, upon service of notice of the entry of rule to plead, he would be obliged to appear and make his defense. The irregular service might be corrected at any time, but it was ground for reversal of any judgment that might be rendered until corrected or waived, but not such a defect as to render the entire proceedings void for want of jurisdiction, and therefore subject to collateral attack.

It being determined that the judgment was valid, the premises were subject to levy, and complainant entitled to the relief prayed. A decree may be entered reversing that of the circuit court, and granting the relief prayed in complainant's bill, with costs of both courts.

The other Justices concurred.