MINNESOTA THRESHER MANUFACTURING COMPANY, APPEL-
LEE, V. EPHREM L'HEUREUX, APPELLANT.

FILED NOVEMBER 19, 1908.   No. 15,334.

1. **Judgment:** PROCESS: JURISDICTION. In this state a court does not
   obtain jurisdiction over the person of a defendant by issuing a
   summons and leaving a copy thereof at his late place of residence,
   and a default judgment rendered upon such service is void.

2. **Void Judgment:** COLLATERAL ATTACK. A judgment void upon its
   face may be impeached collaterally.

3. ———: REVIVOR. An order of revivor does not impart any validity
   to a judgment void upon its face.

APPEAL from the district court for Franklin county:
ED L. ADAMS, JUDGE. *Reversed.*

*R. A. Batty* and *H. F. Favinger*, for appellant.

*Dorsey & McGrew, contra.*

GOOD, C.

Plaintiff, claiming to have a judgment against defend-
ant, on which an execution had been issued and returned
unsatisfied, obtained from the district court, on an *ex
parte* hearing, an order appointing a referee and requir-
ing the defendant to appear before such referee to answer
such questions concerning his property as might be pro-
pounded to him. Defendant filed a motion to set aside
this order, upon the ground that the original judgment
was void for want of jurisdiction over the person of de-
fendant by the court rendering the judgment. In this
motion the defendant set out a complete transcript of the
judgment and the proceedings leading up to it, which dis-
closed that a default judgment for $706.61 had been en-
tered against defendant in the county court in 1888. The
transcript contained the return to the summons issued in
that action and it showed the summons to have been
served on the defendant "by leaving a true and certified

copy of the same with all the indorsements thereon at their late place of residence." To this motion plaintiff interposed what is styled, in the record, a general demurrer, whereby all the allegations and recitals of the motion were admitted to be true. The trial court sustained the so-called demurrer, and entered an order overruling the motion. From this order the defendant has appealed.

The first question presented for determination is whether the original judgment was void for want of jurisdiction of the county court over the person of the defendant. The statute requires a summons to be served by delivering a certified copy to the defendant or by leaving such copy at his usual place of residence. Plaintiff argues that service at the "late place of residence" should be held to mean usual place of residence. The terms "usual place of residence" or "usual place of abode," as used in statutes authorizing substituted service of summons on a defendant, mean the place of abode or place of residence at the time of the service. *Blodgett v. Utley,* 4 Neb. 25; *Seymour v. Street,* 5 Neb. 85; *Earle v. McVeigh,* 91 U. S. 503; *Capehart v. Cunningham,* 12 W. Va. 750; *Ruby v. Pierce,* 74 Neb. 754. In the last-mentioned case the return of the officer showed that the summons was served by leaving a copy at the *last* usual place of residence of the defendant, and in the opinion it is said: "It will be presumed that in making this qualification the officer acted advisedly. The return as thus qualified conveys the thought, not that a copy of the writ was left at the present residence of the defendant, but at some place at which the defendant had formerly resided or made his home. * * * It seems to us that the qualifying word as used in the return serves no purpose, save to distinguish between a past and present place of abode." The word "late," as used in the officer's return above, means formerly, recently, existing not long ago. 25 Cyc. 161. It is defined by Webster: "Existing or holding some position not long ago, but not now." The term late place of resi-

dence evidently means where the defendant had recently resided, but did not then reside. The return to the summons shows that it was not left at the usual place of residence, and indicates that it was served by leaving a copy at some other place than the usual place of residence. Plaintiff argues that there was an attempt at service, and that there was a mere defect or irregularity in the return, and that the presumption obtains that the court had jurisdiction. We think the general rule is well settled that, where the attempted service is so irregular as to amount to no service at all, there can be said to be a want of jurisdiction. In *Gandy v. Jolly*, 35 Neb. 711, it is held: "If there is any irregularity in the manner of service on the defendant of valid process, he must take advantage of such irregularity by motion or other proceeding in the court where the action is pending." But in that case, and in other cases holding to a like doctrine, it appears that there was an attempt at service which reached the defendant. The rule is that, if the attempted service does not reach the defendant at all, then there is a total want of service, and the court does not acquire any jurisdiction. *Griffin v. McGavin*, 117 Mich. 372. A judgment founded upon attempted service of summons which does not reach the defendant at all is absolutely void. *Campbell Printing Press & Mfg. Co. v. Marder, Luse & Co.*, 50 Neb. 283; *Griffin v. McGavin, supra;* 23 Cyc. 1075, 1076.

The plaintiff further argues that the presumption is that proper service was made, and that such presumption obtains nothwithstanding the return of the officer shown in the record. Such presumption does obtain as to judgments of courts of record where the record is silent as to the manner of service, but, where the record discloses the kind of service that was made, no other service will be presumed. In determining whether a court had jurisdiction to render a judgment the whole record must be inspected, and, even if the judgment itself declares that the defendant was duly served with process, but the re-

turn found in the record shows a service which is insufficient and unauthorized by law, the judgment must be regarded as void, and, when it appears from the whole record that a court had no jurisdiction over the person of the defendant, the judgment is void, and it will be so treated even in collateral proceedings. *Laney v. Garbee,* 105 Mo. 355, 24 Am. St. Rep. 391; *Mickel v. Hicks,* 19 Kan. 578; *Hope v. Blair,* 105 Mo. 85; 23 Cyc. 1059, 1060, 1074. That a judgment void on its face may be collaterally impeached is a general rule of law which has been firmly established in this jurisdiction. *Johnson v. Parrotte,* 46 Neb. 57; *Kaufmann v. Drexel,* 56 Neb. 229; *Chicago, B. & Q. R. Co. v. Hitchcock County,* 60 Neb. 722; *Fogg v. Ellis,* 61 Neb. 829; *Baldwin v. Burt,* 2 Neb. (Unof.) 377; *Aldrich v. Steen,* 71 Neb. 33. See, also, 23 Cyc. 1059, 1060, 1074.

It appears that about 15 years after the judgment was rendered in the county court an attempt was made to revive the same. A conditional order of revivor was served upon the defendant, but he made no appearance, and the conditional order of revivor was made absolute. Plaintiff contends that, because the defendant did not appear in the revivor proceedings and resist the order of revivor, the judgment must now be presumed to be valid. Speaking of void judgments, Black in his work on Judgments (vol. 1, sec. 170) says: "Now a 'void' judgment is in reality no judgment at all. It is a mere nullity. It is attended by none of the consequences of a valid adjudication, nor is it entitled to the respect accorded to one. It can neither affect, impair, nor create rights. As to the person against whom it professes to be rendered, it binds him in no degree whatever. It has no effect as a lien upon his property. It does not raise an estoppel against him. As to the person in whose favor it professes to be, it places him in no better position than he occupied before; it gives him no new right, but an attempt to enforce it will place him in peril." It should be borne in mind that a proceeding to revive a dormant judgment is not a proceeding

to breathe life into that which was dead. It is rather a proceeding to awaken that which is asleep. In the instant case the judgment was void. It never possessed any vitality, and it was impossible to impart any vitality to it by revivor proceedings. 18 Ency. Pl. & Pr. 1058, 1059; *Rice v. Allen,* 69 Neb. 349. Thus it appears that the original judgment was absolutely void for want of jurisdiction over the person of the defendant, and it remained void notwithstanding the attempt to revive it. Such being the case, the defendant was entitled to attack it when an attempt was made to enforce it. The district court should have sustained the motion and have vacated the order requiring the defendant to appear and answer concerning his property.

It follows that the judgment of the district court should be reversed and the cause remanded for further proceedings according to law.

Duffie and Epperson, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings according to law.

REVERSED.