Kidd v. Joint School District, 194 Wis. 353.

---

KIDD, by guardian *ad litem*, Appellant, vs. JOINT SCHOOL DISTRICT, Respondent.

*November 9—December 6, 1927.*

*Schools: Who is resident of district: Minor emancipated by father: What constitutes emancipation.*

1. The emancipation of a minor need not be in any formal manner, but oral expressions of intent or abandonment by the father are sufficient. p. 356.
2. Where a sixteen-year-old boy was emancipated by his father so that he might continue his education, toward which his father was unable to help, he could thereafter become a "resident" of a school district other than that in which the father lived

so as to be admitted to a high school therein, tuition free, under sec. 40.53, Stats., providing that the free high schools shall be free to all pupils resident in the district, the word "resident" being synonymous with "inhabitant." p. 357.

APPEAL from a judgment of the circuit court for Richland county: S. E. SMALLEY, Circuit Judge. *Reversed, with directions.*

Action to recover school tuition paid under protest. The court denied recovery and plaintiff appeals.

For the appellant there was a brief by *Edgar Ewers* and *Black & Clark,* all of Richland Center, and oral argument by *Mr. Ewers* and *Mr. O. D. Black.*

For the respondent there was a brief by *Brindley & Brewer* of Richland Center, and oral argument by *E. E. Brindley.*

CROWNHART, J.   The plaintiff, at the age of sixteen, desirous of gaining a high school education, applied to his father in that regard. His father told him he was unable to help the boy except to give him his time, and thereupon it was understood between them that plaintiff would seek his own livelihood and be his own master. Plaintiff then considered his future. He wanted to continue his education, and to do so he had to seek a place where he could earn his way. He decided upon the city of *Richland Center* as the place best suited for his purpose. He went there in the fall of 1922, with the purpose of making that place his home and with no intent to return to his father's home for residence, and he never did return except for some temporary purpose. He entered the high school in 1922, at *Richland Center,* and continued for the full school year. No request was made upon him for tuition. However, the town of Bloom, the home of his father, upon the demand of *Richland Center,* through mistake paid his tuition, which was later refunded to the town of Bloom. Again, in the fall of 1923,

the plaintiff entered the *Richland Center* high school without paying tuition, but later in the year, upon the request of the school authorities, he paid tuition for that year under protest, claiming he was a resident of the school district. He then, at the suggestion of the principal of the school, secured manumittance papers from his father and had his aunt, a resident of *Richland Center,* appointed his guardian by the county court of Richland county.

Plaintiff continued his high school course in the fall of 1924, without paying tuition, and until March 17, 1926, claiming his residence in *Richland Center.* On that day, on demand of the school authorities and on pain of being dismissed from the school, plaintiff, under protest, paid tuition in arrears, $196, and continued to pay tuition thereafter until he finished his course. In all he so paid under protest $264, and then, pursuant to an understanding between him and the school officers, he brought this action to recover the sum so paid. During all the time he was attending school at *Richland Center* he worked in and about the school district, making his home therein. He earned sufficient money to pay his way through the school. Thereafter he entered into business in said city.

The simple question presented is whether the plaintiff, under the circumstances, was a resident, for school purposes, of *Richland Center* or of the town of Bloom, where his father had residence. If a resident of *Richland Center,* the plaintiff was entitled to be admitted to the school, tuition free. Sec. 40.53, Stats.

The case of *State ex rel. School District v. Thayer,* 74 Wis. 48, 41 N. W. 1014, presented facts quite similar to the instant case, and the court there held:

"The only question in this case was whether the minor child of Mrs. Smith had a residence in the school district in the village of Waukesha, within the meaning of the laws concerning public schools."

But, on the subject of the public policy, the court said:

"To establish the rule that a minor cannot have a residence for school purposes other than that of his parents would in many cases deprive such minor of all benefit of such schools. When the minor has poor parents, the poverty of the parents renders it absolutely necessary, in many cases, that a home for the minor children should be found in places different from that of the parents; and under the construction insisted upon by the learned counsel for the relator, such unfortunate children, for whose benefit our free schools were especially instituted, would be deprived of all benefit of them. Such construction of the law would be against its beneficent spirit, and should not prevail unless the language is so clear that no other can be given to it."

The respondent relies upon *State ex rel. Smith v. Board of Education,* 96 Wis. 95, 100, 71 N. W. 123, where it is said:

"But, if the primary purpose of the locating in such district is to participate in the advantages which the public schools therein afford, then he must pay tuition, even though there be some other incidental purpose to be subserved while so attending school therein."

The trial court found that the plaintiff went to *Richland Center* for the primary purpose of attending school, and therefore did not obtain residence therein. In this we think he was misled in his conclusion. The plaintiff wished for an education, which his father could not give him. But the father emancipated him and he left home forever. Emancipation of a minor need not be in any formal manner, but oral expressions of intent or abandonment by the father are sufficient. In *McMillan v. Page,* 71 Wis. 655, 659, 660, 38 N. W. 173, the court said:

"The father of the plaintiff left her [the minor] to hire herself out, receive her own wages, and generally to take care of herself, at a very feeble age and when she was a mere child, and deserted and abandoned her. He had given her her own time as if she were of age, and had to all intents and purposes emancipated her, as the jury found."

The court then held that the father could not resume control of the minor and pledge her services to another. Here the emancipation of the minor was as complete and the intent as fully manifest.

"Emancipation may be in writing or by parol, and may be in express terms or implied from the father's conduct and the surrounding circumstances." 20 Ruling Case Law, 609.

The plaintiff's first and primary purpose thereafter necessarily was to find a home whereby he could support himself, and gain whatever advantages were incidental thereto. He investigated several places and concluded to go to *Richland Center*. There he found a home where he could earn his living and go to school. But going to school was not his primary purpose. He must live by daily toil, and that necessarily came first in his consideration in finding a home. This seems to the court to be the logic of the situation. There are some differences in the authorities as to the relation of parents and child after emancipation. But the cases cited from *State ex rel. School District v. Thayer, supra,* and *McMillan v. Page, supra,* seem to settle the question in this state, that a child may gain a residence, for school purposes, apart from his parents when they in fact emancipate him. The *Thayer Case* is decisive of this case, and we need go no further. The authorities are not uniform in different jurisdictions, and as to the special considerations as to what constitutes residence. Residence, however, is a very broad and liberal term, used most frequently to apply to a place where a person resides without a present purpose to remove therefrom. "Resident" is synonymous with "inhabitant." See "Residence" and "Resident," Words and Phrases; 34 Cyc. 1647, and cases cited.

*By the Court.*—The judgment of the circuit court is reversed, with directions to enter judgment for the plaintiff in accordance with this opinion.