CASKEY, Administrator, Appellant, vs. PETERSON and another, imp., Respondents.

*November 4, 1935—January 7, 1936.*

For the appellant there was a brief by *Ahlgrimm & Hardy* of Racine, and oral argument by *Gerald F. Hardy*.

For the respondent Harold Peterson there was a brief by *Francis H. Wendt,* attorney, and *Gerald T. Flynn,* guardian *ad litem,* both of Racine, and oral argument by *Mr. Wendt*.

694

For the respondent Jonas Peterson there was a brief by *Benson & Butchart* of Racine, and oral argument by *Donald A. Butchart*.

The following opinion was filed December 3, 1935:

MARTIN, J. Appellants' counsel contends that the substituted service made on Harold Peterson's father on February 23, 1934, constituted a valid service, and, further, that the notice of appearance served by Attorney Wendt on the plaintiffs' attorneys on March 7, 1934, constituted a general appearance in the three actions on behalf of said defendant. Counsel for the respondent, Harold Peterson, takes issue with this contention.

It appears that, for a period of approximately two years immediately prior to February 23, 1934, the respondent, Harold Peterson, had been away from his father's home, maintaining himself by working for farmers in Kenosha county, where he received his board and lodging. At that time his parents were residing in the city of Racine, and he made only occasional visits to their home. Is the substituted service made on the father a legal service? In this connection it may be helpful to consider the question of Harold's emancipation, although that fact was not passed upon by the court below. The father admits that Harold was not dependent upon him; that he was entirely dependent upon himself, and the father made no claim to the wages or income of his son. Emancipation of a minor need not be in any formal manner, but oral expressions of intent or abandonment by the father are sufficient. *McMillan v. Page*, 71 Wis. 655, 659, 660, 38 N. W. 173; *Patek v. Plankinton Packing Co.* 179 Wis. 442, 447, 190 N. W. 920; *Kidd v. Joint School District*, 194 Wis. 353, 356, 216 N. W. 499; 46 C. J. p. 1344. From such evidence as was taken in the court below on the motion to set aside the service of the

summons which was made on the father, it appears he made no effort to control Harold's conduct or his wages, such as he received in addition to his board and lodging; the son received and spent his wages without in any way accounting therefor to his father; and the father never made any claim to his son's earnings. On the record here, we entertain no doubt as to the son's emancipation.

Now, as to substituted service of the summons. Sec. 262.08 (4), Stats., specifies the method of service:

"The summons and accompanying complaint or notice aforesaid shall be served by delivering a copy thereof as follows: . . .

"(4) In all other cases to the defendant personally; or, if not found, by leaving a copy thereof at his usual place of abode in presence of some one of the family of suitable age and discretion, who shall be informed of the contents thereof."

The affidavit of service attached to the summons and complaint shows that a copy thereof was delivered to the father at his residence in the city of Racine, and that the father was informed of the contents thereof; but to hold the service valid, it would be necessary to hold that the father's residence was Harold's "usual place of abode."

In *Healey v. Butler,* 66 Wis. 9, 12, 27 N. W. 822, it was held that the last and usual place of abode of a person is necessarily his present usual place of abode. In 21 R. C. L. p. 1280, § 24, it is said:

"The question as to what constitutes a man's 'usual place of abode' is not always free from doubt. It has been defined to be the customary or settled place of residence; a regular, fixed and permanent residence as distinguished from a temporary stopping or abiding place. . . . 'Place of abode' is sometimes treated as synonymous with 'domicile,' or 'residence.' But ordinarily 'usual place of abode' is a much more restricted term than 'residence,' *and means the place where*

*the defendant is actually living at the time when service is made.* Therefore, 'usual place of abode' means 'present place of abode.' "

*Earle v. McVeigh,* 91 U. S. 503, 23 L. Ed. 398; note, 24 Ann. Cas. 1912C 283. In *Minnesota Thresher Mfg. Co. v. L'Heureux,* 82 Neb. 692, 118 N. W. 565, the court said:

"The terms 'usual place of residence' or 'usual place of abode,' as used in statutes authorizing substituted service of summons on a defendant, mean the place of abode or place of residence at the time of the service."

In 7 Words and Phrases (Third Series), 786, this language is used:

"The 'usual place of abode' of a defendant, within the meaning of the statute [as to service of summons], is the place where he is actually living at the time when the service is made. . . ."

*Sweeney v. Miner,* 88 N. J. Law, 361, 95 Atl. 1014. Statutes dispensing with actual personal service of process must be strictly pursued. *Pollard v. Wegener,* 13 Wis. * 569; *Mecklem v. Blake,* 19 Wis. * 397, 419, 421; *Heinemann v. Pier,* 110 Wis. 185, 188, 85 N. W. 646.

On the record here, we must hold that the usual place of abode of the respondent, Harold Peterson, on the 23d day of February, 1934, was at the Thomas farm home in Kenosha county. Hence, the attempted substituted service made on the father at his residence in the city of Racine on said date was ineffectual and conferred no jurisdiction of the person of Harold Peterson.

It is next contended that the respondent, Harold Peterson, was in court on a general appearance. This has reference to the notice of retainer and appearance served by Attorney Wendt on the plaintiffs' attorneys on March 7, 1934, which notice of appearance was withdrawn on March 12th. Said defendant was a minor and at that time had no guardian

*ad litem* or general guardian. Appellants' counsel contends that under sec. 262.17, Stats., such appearance was equivalent to a personal service on the defendant, Harold Peterson. Said section reads:

"A voluntary appearance of a defendant is equivalent to a personal service of the summons upon him."

They also cite sec. 20, art. VII, Wisconsin constitution, which provides:

"Any suitor, in any court of this state, shall have the right to prosecute or defend his suit either in his own proper person, or by an attorney or agent of his choice."

Sec. 260.22, Stats., provides:

"When a minor is a party he must appear by guardian *ad litem*, who may be appointed by the court or by a judge thereof."

Sec. 260.23 (2), Stats., provides:

"The guardian *ad litem* shall be appointed as follows: . . . "(2) When the defendant is a minor, upon his application, if he be of the age of fourteen years and apply within twenty days after the service of the summons; if he be under the age of fourteen or neglect to so apply, then upon the application of any other party to the action or of a relative or friend of the minor, after notice to his guardian, if he have one in this state; and if he have none, then to the minor, if over fourteen years of age; or if under that age and within this state, to the person with whom he resides."

A minor must appear by guardian *ad litem*. If the minor fails to take the necessary action for the appointment of a guardian *ad litem*, then the plaintiff, or opposing party, must do so. The appearance by Attorney Wendt on March 7th, did not waive the ineffectual service of the summons made on the father on February 23, 1934. *O'Dell v. Rogers*, 44 Wis. 136; *Will of McNaughton*, 138 Wis. 179, 194, 118 N. W. 997, 120 N. W. 288; *Will of Brandstedter*, 198 Wis.

457, 224 N. W. 735; 31 C. J. pp. 1148, 1149; *Evans v. Davies,* 39 Ark. 235; *Good v. Norley,* 28 Iowa, 188; *Gamache v. Prevost,* 71 Mo. 84; *Starbird v. Moore,* 21 Vt. 529; *Clark v. Gilmanton,* 12 N. H. 515.

The appellants further contend that the trial court erred in dismissing the three actions as to the respondent, Harold Peterson, in which a copy of the summons and complaint was served on the 22d day of November, 1934, as to which service appellant's counsel states:

"The purpose of this second service was not to start a new action, but was to cure any alleged defects in the original service of the summons and complaint, the court having dismissed on that ground."

In support of their contention, counsel quotes sec. 330.35, Stats., which provides:

"If an action shall be commenced within the time prescribed therefor and a judgment therein for the plaintiff, or the defendant, be reversed on appeal, the plaintiff, or if he die and the cause of action survive, his heirs or representatives may commence a new action within one year after the reversal."

Clearly this statute has no application to the facts in the case at bar. Appellants' counsel quotes the following sentence from sub. (5) of sec. 330.19, Stats., which reads:

"When an action shall be brought and a complaint actually served within two years after the happening of the event causing such damages, the notice herein provided for need not be served."

This provision also has no application to the facts in the instant case. The actions here involved arise out of an accident which occurred on February 24, 1932. Three separate actions were commenced against the defendants herein, in which actions a copy of the summons and complaint was served on respondent's father at his home in the city of Racine on the 23d day of February, 1934, being the alleged

substituted service to which reference has been made in the forepart of this opinion. Further reference to the point here involved is deemed unnecessary. The time within which the actions could be commenced by proper service of a summons and complaint expired on the 23d day of February, 1934, unless the notice required by sec. 330.19 (5), Stats., be served within the two-year period which expired on the date mentioned. In these cases no such notices were served. The law of the case on this issue is ruled by the decisions of this court in *Hoffmann v. Milwaukee E. R. & L. Co.* 127 Wis. 76, 106 N. W. 808; *Klingbeil v. Saucerman,* 165 Wis. 60, 160 N. W. 1051; *Troschansky v. Milwaukee E. R. & L. Co.* 110 Wis. 570, 86 N. W. 156; *Maurer v. Northwestern Iron Co.* 151 Wis. 172, 138 N. W. 636; *Manas v. Hammond,* 216 Wis. 285, 257 N. W. 139; *Voss v. Tittel,* 219 Wis. 175, 262 N. W. 579.

Appellants' third assignment of error relates to an order entered by the trial court on April 2, 1935, expunging that part of the record relating to certain contempt proceedings. That matter is not properly before this court; no appeal having been taken from the order.

*By the Court.*—The several orders and judgments appealed from are affirmed.

A motion for modification of the mandate was denied, with $10 costs, on January 7, 1936.