T.H. HOOVER, Registrar, The University of Wisconsin
You have requested my opinion as to whether sec. 36.16, Stats., recognizes an emancipated minor as being eligible for resident tuition.
You are correct in concluding that the statute in question generally sets forth the two classifications of adults and minors.
The statute also prescribes certain conditions under which minors are eligible for resident tuition such as residence of parents, guardian, etc. The statute does not mention emancipated minors. As the term "adult" is defined (sec. 990.01 (3), Stats.) as having reached the age of 21, anyone under that age, whether emancipated or not, must be considered as a minor.
The law is well settled that an emancipated minor may establish his own residency, 17 Am. Jur., Domicil, sec. 57; Kidd vs. JointSchool District (1927), 194 Wis. 353.
Prior to 1939, sec. 36.16, Stats., merely referred to "student" and did not differentiate between adult and minor students. Accordingly, this office in 4 OAG 929 and 5 OAG 456 concluded that an emancipated minor could establish eligibility for resident tuition. Under sec. 36.16, Stats. 1939, the residency of an adult student was established and frozen as of his first semester, whereas the classification of a minor was subject to change. In 1963 (ch. 224, Laws of 1963) the section in question was amended so that the initial nonresident classification of the adult student was, so to speak, unfrozen by amending the term "first admission" to read "beginning of any semester."
Also, the legislature has on numerous occasions (chs. 249 and 271, Laws of 1953) broadened the eligibility of a minor for resident tuition, but it has not, in my opinion, given recognition *Page 41 
to the emancipated minor. Due to the restrictive language of sec. 36.16 (1) (c), Stats. 1969, it is impossible, in my opinion, to imply eligibility for the emancipated minor.
In light of the legislative history and the clear language of sec. 36.16, Stats., I must conclude as my predecessor did in 39 OAG 44, 46:
"* * * it is immaterial whether the minor is emancipated and has acquired a Wisconsin residence; exemption from fees for tuition is dependent on establishing that his parents have been bona fide residents of this state for one year."
This opinion is expressed with the caveat that, in not recognizing the legal ability of an emancipated minor to acquire residency for tuition purposes, the statute is subject to challenge under the equal protection clause of theFourteenth Amendment of the United States Constitution.
This constitutional question, in my opinion, may only be resolved by the court.
RWW:CAB