EUGENE I. LEHRMANN, State Director, Board of Vocational,Technical Adult Education
In your letter of December 2, 1971, you have asked several general questions with respect to the residency of minor students in vocational school districts. You point out in this connection that ch. 154, Laws of 1971, which substantially revises ch. 38, Stats., as it relates to vocational schools, makes necessary the determination of the residence of a student in order that the proper allocation of tuition charges may be made to the district wherein the student resides. Section 38.24 (3), Stats., created by sec. 14, ch. 154, Laws of 1971, provides review procedures be established by the State Board for final determination of residence.
In addition, you point out that a nonresident who is employed in the district of attendance is eligible to attend in that district; however, you question whether there would be liability for tuition from his home district. You also ask whether part-time employment would meet the requirement.
The answers to the questions you ask depend largely on the facts of each individual case. Since you have not cited specific examples, we can only furnish you with guidelines which may assist you in making the final determination required by sec. *Page 152 38.24 (3) (c), Stats. You have also suggested that the guidelines for a procedure to make a final determination with respect to residency would be helpful.
This opinion, therefore, will cover the suggested procedure; guidelines for determining the residency of an unemancipated minor, and guidelines with respect to the residency of minor as well as dealing with the problem of a nonresident who is employed in the district of attendance.
PROCEDURE FOR DETERMINING RESIDENCY
Section 38.24 (3) (c), Stats., requires the State Board to establish procedures to determine residency. It is suggested that rules be adopted providing substantially that, where a question of residency has arisen, the district director of the district of attendance make the initial finding with respect to residency and reduce the details and conclusions to writing. The District Board then, within 30 days, should affirm or reject the findings of the director. Thereafter, any district affected and the student shall be given a copy of the findings and conclusions and the District Board's action with respect thereto. They should also be notified of the right to appeal the adverse findings and conclusions to a standing committee of the State Board. This board can then make recommendations to the State Board who must make the final determination. All parties should be given an opportunity to at least submit written statements in support of their position.
 LEGAL RESIDENCE REQUIREMENTS OF A MINOR IN A VOCATIONAL SCHOOL DISTRICT
In general, the residence of an unemancipated minor is that of his father, if living; if not living, then his residence is that of his mother. If the minor is an orphan, his residence is ordinarily the residence of the guardian of his person. There are some exceptions to this rule.
". . .[r]esidence entitling an infant to school privileges from domicile . . . is construed in a liberal sense as meaning to live in or be an inhabitant of a school district, the purpose being not to debar from school privileges any child of school age found within the district under the care, custody or control of a resident thereof. Such a rule does not usually require that there shall be a *Page 153 
legal domicile; it is sufficient if the child and its parent, or the person in loco parentis, are actually resident in the district, with apparently no present purpose of removal. . . .
"For school purposes, a child's residence is not necessarily the residence of its parent or parents, although generally a child will be held to reside where its parents reside. . . ." (47 Am. Jur., Schools, sec. 152)
Wisconsin is in general accord with this concept. In 24 OAG 602 (1935), my predecessor stated:
"The residence required for school purposes is not the residence required for voting purposes, etc.
"56 C.J. 810, sec. 986, points out that the rule governing the right of a child to attend school in a given district `does not require that there shall be a legal domicile, but it is sufficient if the child and his parent, or the person in control of him, are actually resident in the district, with apparently no present purpose of removal.' State ex rel. School District No. 1v. Thayer, 74 Wis. 48, 41 N.W. 1014."
In State ex rel. Smith v. Board of Education of the City of EauClaire (1897), 96 Wis. 95, 100, the court held that where a child of school age is sent or goes to a certain school district with the primary purpose of securing a home with a particular family, then he is entitled to the benefits of the public school of such district free of charge. (Citing State ex rel. School DistrictNo. 1 of Waukesha v. Thayer (1889), 74 Wis. 48, 41 N.W. 1014.) But if the primary purpose of the locating in such district is to participate in the advantages which the public schools therein afford, then he must pay tuition even though there be some other incidental purpose to be subserved while so attending school therein.
A person's own testimony, regarding his intention with respect to acquiring a retaining residence, is not conclusive; however, oral declarations to taxing authorities and to others, and written declarations in deeds, policies of insurance with oaths, letters, election registers, mortgages, leases, contracts and other instruments constitute some evidence as to residence. The exercise *Page 154 
of the elective franchise or other civil and political rights is also evidence of residence in that place. (See generally 25 Am.Jur. 2d, Domicil, secs. 91-100.)
RESIDENCE OF EMANCIPATED MINOR
Generally, a minor must be emancipated to establish a residence other than that of his parents or guardian, and again, generally there must be some act of acknowledgment or implied acquiescence by the parents that the child is, in fact, emancipated. However, there are exceptions. (See State ex rel. School District No. 1 ofWaukesha v. Thayer, supra.) Once a child is determined to be emancipated, then the same rules and standards apply to him as to an adult in the determination of his district of residence.
ELIGIBILITY OF EMPLOYED NONRESIDENT
Section 38.22, Stats., created by ch. 154, Laws of 1971, provides that every person who is at least of the age specified in sec. 118.15 (1) (b), Stats., is eligible to attend schools of a district if he is "(b) a nonresident of the district who is employed in the district." Section 38.24 (4), Stats., created by ch. 154, Laws of 1971, provides:
"(4) LIABILITY OF DISTRICT OF RESIDENCE. (a) The district boardof the student's district of residence is liable for the fee andtuition charge by the district of attendance for a nonresidentstudent who is a resident of this state, but is not liable forthe following:
"1. Any student for whom the district board of attendance fails to file notice under s. 38.22 (2).
"2. Any student who enrolls in a collegiate transfer program, if there is located within the district of residence a public institution of higher education.
"3. Unless the district board of residence consents, any student 21 years of age or over. For purposes of this subdivision, a student shall be considered 21 years of age, if he attains the age of 21 prior to the beginning of the semester or lesser time period for which enrolled in a district school. *Page 155 
"(b) In the case of any disagreement between district boards under this subsection, the board shall make the final determination."
The employed nonresident of the district of attendance is not among these exceptions. Therefore, under the usual rules of statutory construction, the district of residence is liable to the district of attendance for the tuition of a student who is admitted to the district of attendance on the basis that he is "employed" in the district of attendance.
"Employed," for purposes of this section, means something more than casual employment. In my opinion, it must be employment that is reasonably permanent and regular as to the number of hours per day or days per week work. It need not necessarily be full time in the sense that it includes an eight-hour day or a forty-hour week, but it should be reasonably definable as to occupation and hours to be worked. There are numerous definitions of "employment" used in other statutes. I suggest that the board consider the adoption of an administrative rule defining the term more specifically if it appears that uniformity of interpretation of this term by the several districts is not otherwise possible.
RWW:JCM